Opinion issued May 12, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00247-CV

———————————

## AMELIA COLVIN, Appellant

## V.

## B. SPENCER & ASSOCIATES, P.C. D/B/A SPENCER & ASSOCIATES, P.C. N/K/A THE SPENCER LAW FIRM, Appellees

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 74756-CV

## MEMORANDUM OPINION

Appellant, Amelia Colvin, proceeding *pro se*, timely filed a petition for permission to appeal, with a motion to stay the trial court proceedings pending resolution of her petition, attempting to appeal from the trial court's interlocutory order, signed on March 5, 2015, denying her motion to dismiss, but she failed to

include a copy of the order. *See* TEX. R. APP. P. 28.3(c), (e)(2). The appellees filed a response, including a copy of the trial court's interlocutory order, signed March 5, 2015, which did not grant appellant permission to appeal, and contend that this lack of permission deprives this Court of jurisdiction over the petition. We agree and dismiss the petition for permissive appeal for want of jurisdiction.

Generally, appeals may be taken only from final, appealable judgments or interlocutory orders that are authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *Indemnity Ins. Co. of N. Am. v. Helix Energy Solutions Group, Inc.*, No. 01-13-00222-CV, 2013 WL 1932140, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op.). To appeal an interlocutory order that does not fall under one of the categories authorized by statute, as here, the following must occur for a petition for permissive appeal to be properly before this Court: (1) the trial court must issue a written order encompassing both the order to be appealed and the written permission to appeal that order required by Texas Civil Practice and Remedies Code § 51.014(d); (2) the appellant must timely file a petition for permission to appeal with this Court within fifteen days after the signing of the trial court's order, and attach a copy of that order; and (3) this Court must grant the petition for permission to appeal. *See* TEX.

2

R. APP. P. 28.3(a)–(c), (e)(2) & Notes and Comments; TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(d)–(f).

Appellant failed to comply with the requirements for bringing a permissive appeal from an interlocutory order because she failed to attach a copy of the trial court's order granting her permission to appeal to her petition. *See* TEX. R. APP. P. 28.3(a), (e)(2). Based on the appellees' response, the trial court's March 5, 2015 interlocutory order did not grant appellant permission to appeal that order.

On April 1, 2015, the Clerk of this Court notified appellant that she needed to file a response showing grounds for this Court's jurisdiction over this petition, including a copy of the trial court's order, within ten days of that notice or else the petition and motion would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant filed a timely response by filing a motion to extend the time to file a response, in this Court, stating that she is now moving for permission to appeal with the trial court and has requested a hearing in the trial court which she expects will be heard and granted within 30 days.

However, appellant's response is inadequate to show that this Court has jurisdiction because she concedes that she lacked the trial court's permission to appeal from an interlocutory order at the time she filed her petition with this Court. *See* TEX. R. APP. P. 28.3(a). If the trial court amends the interlocutory order in response to appellant's motion to include the court's permission to appeal that

3

order, the time to petition this Court runs from the date the amended order is signed. *See* TEX. R. APP. P. at 28.3(c). Thus, granting appellant an extension of time is unnecessary as this Court does not have jurisdiction over appellant's petition for permission to appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(d)–(f); *see also Indemnity Ins. Co. of N. Am.*, 2013 WL 1932140, at *1 (dismissing interlocutory appeal for want of jurisdiction for lack of order granting permission).

Accordingly, we **dismiss** the petition for permission to appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack, Higley, and Massengale.